IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| DEBRA L. SANTOS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C. §216(b), <br>      Plaintiff, <br><br> V. <br><br> LAREDO EMERGENCY CENTER, LLC, <br>      Defendant. | COMPLAINT <br><br> CASE NO. 5:19-CV-75 |

**PLAINTIFF'S ORIGINAL COMPLAINT AND**
**APPLICATION FOR INJUNCTIVE RELIEF**

Plaintiff Debra L. Santos (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, files this Original Complaint against Defendant Laredo Emergency Center, LLC (hereinafter referred to as "Defendant" or "LEC"), and in support of said Complaint aver upon information and belief as follows:

### A.  Introduction

1. This case seeks to recover unpaid overtime and shift differential pay for Plaintiff and all other similarly situated employees and former employees of the LEC, as required by the Fair Labor and Standards Act, 209 U.S.C. §201, *et seq*. ("FLSA").  Plaintiff brings this collective action seeking to recover the unpaid and/or underpaid overtime wages, other wages, and other damages owed to her and to other similarly situated employees and former employees at the LEC.  Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses.

1

## B.  Parties

2.      Plaintiff Debra L. Santos is an individual who was employed by Defendant within the meaning of the FLSA and during the three years prior to the filing of this lawsuit.  She hereby consents to be a party in this action.

3.      Plaintiff and "Class Members" are Defendant's current and former employees who performed health care duties and were paid wages.

4.      Defendant Laredo Emergency Center, LLC is a Texas limited liability company with its principal place of business in Laredo, Webb County, Texas.  Defendant may be served with process by serving its registered agent, Daniel M. Lonergan, at 14603 Huebner Roade, Suite 201, San Antonio, Texas 78230.

## C.  Jurisdiction and Venue

5.      This action arises under the laws of the United States.  Jurisdiction is conferred on this Court pursuant to 28.U.S.C. §§1331 and 1343.

6.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## D.  Coverage Facts

7.      At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to the Plaintiff and the Class Members.

8.      At all times hereinafter mentioned, Defendant has been an employer or joint employer with the meaning of the FLSA, 29 U.S.C. §203(d).

9.      At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. §203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution within the meaning of the FLSA, 29 U.S.C. §203(s).

11. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required 29 U.S.C. §§206-207.

### E. Facts Alleged

12. The LEC is a freestanding emergency medical care facility comparable to a hospital emergency room. It operates 24 hours/day, 7 days/week, and 365 days/year.

13. Defendant employed Plaintiff as an ER Technician from on or about August 2015 to on or about June 6, 2017. In performing her duties, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

14. Plaintiff and Class Members routinely worked different shifts over 8 hours/day and 40 hours/week. Certain shifts had differential or non-discretionary bonus (additional) pay rates. Defendant paid its employees bi-weekly.

15. Notwithstanding the FLSA requirements, Defendant would pay its employees overtime for hours worked over 80 hours during each two-week pay period, instead of hours worked over 40 hours during a one-week period.

16. In addition, Defendant would pay its employees 1.5 times the employee's base hourly rate. There was no regard for differential pay – such as a night differential rate of pay – for overtime calculations. There was no weighted averaging of the employee's rate of pay during the pay period taking into account differential or non-discretionary bonus pay to calculate the employee's lawful overtime rates. See 29 C.F.R. 778.207(b).

17. Defendant did not have a prior agreement or understanding with affected employees before the work was performed that the LEC, as a hospital or residential care establishment, operated under an 8-80 Overtime System pursuant to Section 7(j) of the FLSA. Under such a system, Defendant may utilize a fixed work period of 14 consecutive days in lieu of the 40-hour workweek for the purpose of computing overtime. However, the 8-80 exception requires an employer to pay overtime for all hours worked over 8 in any workday and 80 hours in the 14-day period. See 29 C.F.R. 778.601. Nonetheless, even if the 8-80 Overtime System was in place, Defendant did not pay overtime for hours worked over 8 in a workday.

18. Defendant was aware of the FLSA's overtime requirements, but its pay policy and practice were willful noncompliant. Employees would inquire with Defendant's supervisors, human resource personnel, and payroll clerk about the above inconsistencies with the FLSA. However, pay and overtime were not corrected by the Defendant.

### F. Collective Action

19. Plaintiff and the Class Members performed the same or similar job functions in that Class Members were other health care professionals whose primary duty was to provide health care services for patients coming to the LEC. Plaintiff and Class Members were subjected to the same pay provisions with regard to overtime pay and differential pay.

20. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices, and do not depend on the personal circumstances of the Class Members. Therefore, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation pursuant to the FLSA. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the

Class Members.

21. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime and other compensation with respect to Plaintiff and the Class Members.

### G.  Prayer

22. For these reasons, Plaintiffs ask for judgment against Defendant for the following:

A. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation due to Plaintiff (and those who may join in the suit).

B. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action.

C. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees.

D. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interests at the highest rates allowed by law.

E. For an Order granting such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    By: /s/ Doanh "Zone" T. Nguyen
        DOANH "ZONE" T. NGUYEN
        Attorney at Law
        Federal Bar No. 18449
        Texas State Bar No. 00789517
        6909 Springfield Avenue, Suite 104
        Laredo, Texas 78041
        zone.t.nguyen@gmail.com
        (956) 568-0990 - Telephone
        (833) 790-4023 – Facsimile

**ATTORNEY IN CHARGE FOR PLAINTIFF**